Case 4:22-cv-00782   Document 6   Filed on 05/06/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN LANDIS ANDERSON, (SPN #01752217)   Petitioner, | § § § § § § | CIVIL ACTION NO. 4:22–cv–00782 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| ED GONZALEZ,   Respondent. | § § | |

MEMORANDUM ON DISMISSAL

Petitioner Brian Landis Anderson seeks a writ of *habeas corpus* under 28 USC § 2254. Dkt 1. The petition is dismissed without prejudice for failure to exhaust state remedies before filing in federal court. His motion to proceed *in forma pauperis* is granted. Dkt 2. His motion for the appointment of counsel is denied. Dkt 5.

1. Background

Anderson is a pretrial detainee in the Harris County Jail. He awaits trial on charges of aggravated assault of a family member in Cause Number 1684881 and failure to comply as a sex offender in Cause Number 1586295 in the 338th Judicial District Court of Harris County, Texas. The Harris County District Clerk website shows that on August 19, 2020, the state criminal court set his bond at $45,000 in Cause Number 1586295, and $50,000 in Cause Number 1684881. That same website indicates that his next court date is July 11, 2022.

2. Legal standards

State prisoners may not seek relief pursuant to a federal writ of *habeas corpus* to correct errors of state

constitutional, statutory, or procedural law unless a federal issue is also present. See *Lowery v Collins*, 988 F2d 1364, 1367 (5th Cir 1993); see also *Estelle v McGuire*, 503 F3d 408, 413 (5th Cir 2007) (noting federal *habeas corpus* relief does not pertain to errors of state law) (internal citation omitted). A federal court will not act as a "super state supreme court" to review error under state law in state proceedings. *Wood v Quarterman*, 503 F3d 408, 414 (5th Cir 2007). The prisoner seeking such review must instead assert a violation of a federal constitutional right.

The provisions of 28 USC § 2241 apply to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the pending case. It is the proper vehicle for seeking federal *habeas corpus* relief from pretrial detention. See *Stringer v Williams*, 161 F3d 259, 262 (5th Cir 1998), citing *Dickerson v Louisiana*, 816 F2d 220, 224 (5th Cir 1987). A state pretrial detainee may seek a federal writ of *habeas corpus* under § 2241 only if he is in custody for purposes of § 2241(c) and has exhausted available state remedies. See *Dickerson*, 816 F2d at 224; see also *Braden v 30th Judicial Circuit Court of Ky*, 410 US 484 (1973).

A petitioner in Texas can exhaust remedies in two ways. First, he can present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review. Second, he can file an application for a writ of *habeas corpus* in the Texas Court of Criminal Appeals. See *Myers v Collins*, 919 F2d 1074, 1076 (5th Cir 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in *habeas corpus* petition). The petitioner needn't pursue both avenues of relief in order to satisfy the exhaustion requirement. Ibid.

Texas defendants who have been denied bond may file a direct appeal with the Texas Court of Criminal Appeals. See Tex Const Art 1, § 11a(a). A Texas pretrial detainee who complains about the amount of his bond may file an application for writ of *habeas corpus* to raise preconviction issues with the judge of the court in which he has been

indicted. See Tex Code Crim Proc art 11.08. If the trial court denies such relief under Article 11.08, the applicant's remedy is to file a direct appeal in an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. For example, see *Ex parte Twyman*, 716 SW2d 951, 952 (Tex Crim App 1986), citing *Ex parte Payne*, 618 SW2d 380, 382 n 5 (Tex Crim App 1981).

Federal courts must give state courts a fair opportunity to hear and consider the claims raised by an applicant before the federal courts can hear those claims. *Picard v Connor*, 404 US 270, 275 (1971). This is a matter of comity. It is designed to protect the relationship "between state and federal courts, respect for the integrity of state court procedures, and a desire to protect the state courts' role in the enforcement of federal law." See *Nickelson v Stephens*, 803 F3d 748, 753 (5th Cir 2015) (internal citations and quotations omitted).

In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v Procunier*, 762 F2d 429, 431–32 (5th Cir 1985); *Tipton v Thaler*, 354 F Appx 138, 140 n 1 (5th Cir 2009). A federal district court thus may raise lack of exhaustion *sua sponte*. *Shute v State*, 117 F3d 233, 237 (5th Cir 1997). And it may dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v Lundy*, 455 US 509, 510 (1982).

3. Analysis

Anderson filed his petition under 28 USC § 2241 seeking a reduction of his bond. That provision governs his petition because he is a pretrial detainee. And his confinement at the Harris County Jail establishes that he is in custody for purposes of § 2241(c).

Anderson hasn't established that he's exhausted available state court remedies before seeking relief in federal court. For instance, he doesn't claim that he has presented his request for bond reduction to the Texas Court of Criminal Appeals. Dkt 1 at 2.

Court-appointed counsel represents Anderson in state court. A review of the online records of the Texas Court of Criminal Appeals doesn't show that Anderson filed anything related to his present prosecution in state court. But a petitioner must give the state court a fair opportunity to pass upon the claim before bringing it in federal court. See *Wenceslao v Quarterman*, 326 F Appx 789, 790 (5th Cir 2009), citing and quoting *Morris v Dretke*, 379 F3d 199, 204 (5th Cir 2004). Until Anderson has done so, he may not pursue federal *habeas corpus* relief here. See *Dickerson*, 816 F2d at 224.

Anderson also hasn't shown that state corrective processes are unavailable or that circumstances render such processes ineffective to protect his rights. See *Graham v Johnson*, 94 F3d 958, 969 (5th Cir 1996), citing *Duckworth v Serrano*, 454 US 1, 3 (1981). As such, he must present these claims to the state courts before proceeding in federal court.

The federal petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

4. Conclusion

Anderson has not exhausted available state remedies. His federal petition for a writ of *habeas corpus* is DISMISSED WITHOUT PREJUDICE. Dkt 1.

Anderson's motion to proceed *in forma pauperis* is GRANTED. Dkt 2.

His motion for the appointment of counsel is DENIED AS MOOT. Dkt 5.

Any remaining pending motions are DENIED AS MOOT.

SO ORDERED.

Signed on May 6, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge